UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARY JOSEPH, an individual

      Plaintiff,

      v.

A.C.T. JANITORIAL SERVICES COMPANY, INC.,
a Florida Corporation, and NATIONAL FACILITY
SERVICES LLC, a Delaware Limited Liability Company,

      Defendants.

_____/

## COMPLAINT

      Plaintiff, MARY JOSEPH, by and through undersigned counsel, hereby sues Defendants,

A.C.T. JANITORIAL SERVICES COMPANY, INC. and NATIONAL FACILITY SERVICES

LLC, and alleges:

### JURISDICTION AND VENUE

      1.     Jurisdiction is conferred on this Court by 29 U.S.C. §2601.

      2.     All of the events, or a substantial part of the events, giving rise to this action,

occurred within the jurisdiction of the United States District Court for the Southern District of

Florida, Ft. Lauderdale Division.

### PARTIES

      3.     Plaintiff, MARY JOSEPH (hereinafter referred to as "Plaintiff" and "JOSEPH"), is

an individual residing in Broward County, Florida.

4.      Defendant, A.C.T. JANITORIAL SERVICES COMPANY, INC. (hereinafter referred to "ACT"), a Florida Corporation, is a full service commercial janitorial company that at all times material to this Complaint had its principal place of business in Broward County, Florida.

5.      Defendant, NATIONAL FACILITY SERVICES LLC (hereinafter referred to "NFS"), a Delaware Limited Liability Company, is provider of facility services, commercial cleaning services, and outsourced staffing solutions at numerous locations throughout the United States including but not limited to in Broward County, Florida, where NFS has also operated an office at all times material to this Complaint.

6.      In 2015, ACT merged with NFS to provide janitorial and light maintenance and facility cleaning services to the common areas of homeowner associations, condominium associations, and multi-unit residential buildings throughout South Florida including but not limited to in Broward County, Florida.

7.      At all times material to this Complaint, ACT and NFS, directly or indirectly, acted in the interest of an employer toward Plaintiff, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff. Alternately, ACT and NFS, and each of their respective divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because each, respective division, subsidiary or affiliate acted directly or indirectly in the interest of the other in relation to Plaintiff. As a second alternative, ACT and NFS and each of their divisions, subsidiaries or affiliates, and parent entities, however constituted, were joint employers of Plaintiff because they commonly controlled the terms of compensation and employment of Plaintiff and because they are not completely disassociated with respect to the terms of compensation and employment of Plaintiff. As a third alternative, ACT and NFS and each of their divisions, subsidiaries or affiliates, and parent entities,

however constituted, directly or indirectly acted in the interest of an employer toward Plaintiff at all material times to this Complaint, including without limitation directly or indirectly controlling the terms of employment and compensation of Plaintiff.  As a final alternative, NFS is a successor of ACT responsible and liable for the employment of Plaintiff.

## GENERAL ALLEGATIONS

8.    Plaintiff brings this action against ACT and NFS for violations of the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*

9.    In or around July 2005, Defendants hired Plaintiff as a Janitor, a/k/a cleaning employee, Plaintiff regularly performed cleaning duties at Palm Aire Senior Citizens Community located in Pompano Beach, Florida.

10.    At all times material to this Complaint, Plaintiff satisfactorily performed her assigned duties for Defendants.

11.    During Plaintiff's employment with Defendants, Plaintiff developed a serious eye condition that resulted in a significant loss of vision due to cataract formation and resulted in Plaintiff suffering from serious visual limitations.

12.    In mid-March 2015, Plaintiff notified her supervisor, Robert Marks, of Plaintiff's need to take medical leave from her employment in approximately late March 2015 in order to (a) undergo cataract surgery for her eye condition and (b) to recuperate following surgery.  In this regard, while Defendants did not provide Plaintiff with any of the FMLA notices required by law, Mr. Marks verbally informed Plaintiff that her time off request for medical leave was approved.

13.    On March 31, 2015, Plaintiff underwent cataract surgery in connection with her eye condition.

14.     On or around April 3, 2015, Plaintiff informed Robert Marks that Plaintiff would be able to return to work at the conclusion of her medical leave which would run through April 12, 2015 pursuant to Plaintiff's doctor's instructions.

15.     Plaintiff exercised her right to take medical leave from her employment with Defendants between approximately March 30, 2015 and April 12, 2015 due to her eye condition, cataract surgery, and recovery, which leave was protected by the Family and Medical Leave Act (FMLA), 29 U.S.C. §2601 *et seq.*

16.     Plaintiff worked more than 1,250 hours for Defendants during the twelve (12) month period prior to her March 2015 medical leave and Plaintiff was at all times material to this Complaint an eligible employee within the meaning of the FMLA, 29 U.S.C. §2611(2), §2612, §2614(a), §2615(a)(1), and §2617(a).

17.     ACT and NFS, at all times material to this Complaint, have been engaged in an industry affecting commerce and have had Fifty (50) or more employees for each working day in each of Twenty (20) or more weeks in the current or preceding calendar year.

18.     ACT and NFS, at all times material to this Complaint, have been employers and/or joint-employers within the meaning of the FMLA, 29 U.S.C. §2611(4), §2612, §2614(a), §2615(a)(1) and §2617(a).

19.     Plaintiff's eye condition and cataract surgery each constitute a "serious health conditions" within the meaning of 29 U.S.C. §2612(a)(1)(D).

20.     Despite Plaintiff providing Defendants with information that clearly indicated her cataract surgery and associated medical leave was—or at a minimum, "may be for"—an FMLA-qualifying reason, Defendants failed to notify Plaintiff of her eligibility for this time off to be FMLA-covered leave, as required by 29 C.F.R. §825.300(b)(1).

21.     Similarly, Defendants failed to provide Plaintiff with any of the verbal or written Notice(s) required by the FMLA in connection with Plaintiff's request for leave from her employment due to Plaintiff's serious health condition, including Defendants never providing Plaintiff with either:  (i) a "Notice of Eligibility and Rights and Responsibilities" Form, *i.e.*, U.S. Department of Labor Form WH-381; or (ii) a "Certification of Health Care Provider for Family Member's Serious Health Condition" Form, i.e., U.S. Department of Labor Form WH-380-F.

22.     On or around April 13, 2015, Plaintiff attempted to return to work for Defendants but was told by Mr. Marks they did not have any work available at that time and Plaintiff should "check back in a few days."

23.     However, on the same day, Mr. Marks called Plaintiff back and advised her that Defendants' did not need her services anymore purportedly because business was slow, there were no work assignments available and clients had complained about her performance.

24.     As a result, Plaintiff was unable to obtain any work assignments from Defendants after her cataract surgery.

25.     Defendants interfered with Plaintiff's right to medical leave under the FMLA and retaliated against Plaintiff for exercising her right to medical leave in violation of FMLA, 29 U.S.C. §2601 *et seq*.

26.     Based upon information and belief, the reasons proffered by Defendants for refusing to reinstate Plaintiff's employment following her medical leave between late March 2015 and early April 2015 were false and known to be false by Defendants at the time Defendants terminated Plaintiff's employment in April 2015.

27.     All conditions precedent to the institution of the claims in this action have either occurred or been waived.

## COUNT I
## INTERFERENCE IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

Plaintiff, MARY JOSEPH, reasserts and reaffirms the allegations of Paragraphs 1 through 27 and further states that this is an action against A.C.T. JANITORIAL SERVICES COMPANY, INC, and NATIONAL FACILITY SERVICES LLC for violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*

28.     The FMLA, 29 U.S.C. §2615(a)(1), provides that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under 29 U.S.C. §2611, *et seq*.

29.     Under the FMLA, when the need for leave is foreseeable based on a serious health condition that makes the employee unable to perform the functions of the position of such employee, the employee is required to provide the employer notice no less than thirty (30) days before the date the leave is to begin, of the employee's intention to take leave under 29 U.S.C. §§2612(a)(1)(d), except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable, 29 U.S.C. §§2612(e)(2)(b).

30.     During her employment with Defendants in 2015, Plaintiff exercised, and/or attempted to exercise, her rights in March 2015 and April 2015 under the FMLA in accordance with 29 U.S.C. §§2612(e)(2)(b).

31.     By exercising and/or attempting to exercise her rights under the FMLA during her employment with Defendants in 2015, including but not necessarily limited to Plaintiff's right to medical leave under the FMLA, Plaintiff engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq*., triggering the protections of the FMLA, specifically including but not limited to VULPIS' rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave because of a "serious health condition"; and (b) 29 U.S.C. §2614 to be restored to her position, or

6

to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

32.     Defendants interfered with Plaintiff's right to take medical leave under the FMLA in 2015 when Defendants had knowledge of Plaintiff's exercise and/or attempted exercise of her rights under the FMLA, in violation of 29 U.S.C. 2615(a)(1).

33.     As a result of Defendants' violations of Plaintiff's rights protected by the FMLA, Plaintiff has suffered and continues to suffer damages including but not necessarily limited to unpaid wages and lost employment benefits.

34.     Defendants' violations of the FMLA were willful, intentional and not done in good faith.

35.     Pursuant to 29 U.S.C. §2617(a)(1)(iii), Plaintiff is entitled to an award of liquidated damages from Defendants equal to the of the amount of all wages, salary, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendants' violations of 29 U.S.C. §2615(a)(1).

36.     Pursuant to 29 U.S.C. §2617(a)(3), Plaintiff is entitled to all reasonable attorneys' fees, reasonable expert witness fees, and other costs of the action to be paid by Defendants.

WHEREFORE, Plaintiff, MARY JOSEPH, demands judgment against Defendants, jointly and severally, A.C.T. JANITORIAL SERVICES COMPANY, INC., and NATIONAL FACILITY SERVICES LLC, for back pay, employment benefits, other compensation including bonuses, liquidated damages, equitable relief including but not limited to front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

<u>**COUNT II**</u>
<u>**RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT**</u>

Plaintiff, MARY JOSEPH, reasserts and reaffirms the allegations of Paragraphs 1 through 27 and further states that this is an action against A.C.T. JANITORIAL SERVICES COMPANY, INC, and NATIONAL FACILITY SERVICES LLC for violations of the Family and Medical Leave Act, 29 U.S.C. §2601 *et seq.*

37.     The FMLA, 29 U.S.C. §2601 *et seq*., prohibits an employer from retaliating against an eligible employee who has (a) obtained and/or attempted to obtain the benefits and protections of the FMLA; or (b) otherwise triggered the protections of, or engaged in activity protected by, the FMLA.  In addition, 29 U.S.C. §2615 prohibits an employer from discharging or in any other manner discriminating against any individual for opposing any practice made unlawful by the Act.

38.     Between approximately March 30, 2015 and April 12, 2015, Plaintiff took medical leave from her employment with Defendants due to a serious health condition within the meaning of the FMLA, specifically a serious eye condition and cataract surgery.

39.     Plaintiff's eye condition and cataract surgery each constitute a "serious health conditions" within the meaning of 29 U.S.C. §2612(a)(1)(D) and 29 C.F.R. §825.115, as Plaintiff suffered from an illness, injury, impairment, and physical condition that involved continuing treatment by a health care provider that also involved a period of incapacity of more than three (3) consecutive, full calendar days between March 30, 2015 and April 10, 2015.

40.     By taking medical leave from her employment with Defendants in 2015, Plaintiff engaged in activity protected by the FMLA, 29 U.S.C. §2611 *et seq*., triggering the protections of the FMLA, specifically including but not limited to JOSEPH's rights pursuant to:  (a) 29 U.S.C. §2612 to take up to twelve (12) workweeks of leave because of a "serious health condition"; and

(b) 29 U.S.C. §2614 to be restored to her position, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment upon her return from leave.

41.     At all times material to this Complaint, Plaintiff satisfactorily performed her essential job duties as a Janitor, a/k/a cleaning employee, for Defendants.

42.     However, Defendants subjected Plaintiff to disparate treatment and retaliated against Plaintiff when she attempted to return to work in April 2015 as a result of Plaintiff's serious health condition(s) and related medical leave despite the protections afforded to Plaintiff by the FMLA, culminating in the termination of Plaintiff's employment by Defendants in April 2015 purportedly because business was slow, no work assignments were available and Defendants' clients had complained about her performance.

43.     Defendants' disparate treatment of and retaliation against Plaintiff, including the ultimate termination of Plaintiff's employment, were undertaken by Defendants with an intent to retaliate against Plaintiff because she took medical leave which was protected by the FMLA, in violation of 29 U.S.C. §2615(a)(1).

44.     A motivating factor behind Defendants' disparate treatment of Plaintiff, retaliation against Plaintiff, and Defendant's decision to terminate Plaintiff's employment was:  (a) Plaintiff taking medical leave from her employment with Defendants between approximately March 30, 2015 and April 12, 2015 due to Plaintiff's own serious health condition; and (c) Defendants' knowledge that Plaintiff sought and/or triggered the protections of the FMLA, including the benefits and protections associated with medical leave and job reinstatement guaranteed by the FMLA, all in violation of 29 U.S.C. §2615(a)(1).

45.     The reasons proffered by Defendants to Plaintiff for terminating her employment in April 2015 violated Plaintiff's rights under the FMLA.

46.     By subjecting Plaintiff to disparate treatment, retaliation, and ultimately terminating Plaintiff's employment in April 2015 because she took medical leave protected by the FMLA, as guaranteed by, *inter alia*, 29 U.S.C. §§2612(a)(1)(D) and (b), Defendants intentionally retaliated against Plaintiff.

47.     As a result of Defendant's violations of Plaintiff's rights protected by the FMLA, Plaintiff has suffered and continues to suffer damages including but not necessarily limited to unpaid wages and lost employment benefits.

48.     Defendants' violations of the FMLA were willful, intentional and not done in good faith.

49.     Pursuant to 29 U.S.C. §2617(a)(1)(iii), Plaintiff is entitled to an award of liquidated damages from Defendants equal to the sum of the amount of all wages, employment benefits, and other compensation denied to or lost by Plaintiff by reason of Defendants' violations of 29 U.S.C. §2615(a)(1).

50.     Pursuant to 29 U.S.C. §2617(a)(3), Plaintiff is entitled to all reasonable attorneys' fees, expert witness fees, and other costs of the action to be paid by Defendants.

WHEREFORE, Plaintiff, MARY JOSEPH, demands judgment against Defendants, jointly and severally, A.C.T. JANITORIAL SERVICES COMPANY, INC., and NATIONAL FACILITY SERVICES LLC, for back pay, employment benefits, other compensation including bonuses, compensatory damages, liquidated damages, equitable relief including but not limited to reinstatement and/or front pay, interest, attorneys' fees, costs and such other and further relief as this Honorable Court deems proper.

## <u>JURY TRIAL DEMAND</u>

Plaintiff demands trial by jury on all issues so triable.

Dated:  September 2, 2016    Respectfully submitted,


        By: **s/KEITH M. STERN**
           Keith M. Stern, Esquire
           Florida Bar No. 321000
           E-mail:  employlaw@keithstern.com
           Hazel Solis Rojas, Esquire
           Florida Bar No. 91663
           E-mail:  hsolis@workingforyou.com
           LAW OFFICE OF KEITH M. STERN, P.A.
           One Flagler
           14 NE 1 Avenue, Suite 800
           Miami, Florida  33132
           Telephone:  (561) 299-3703
           Facsimile:  (561) 288-9031
           Attorneys for Plaintiff